## HALL v. UNITED STATES.
### No. 6020.

Circuit Court of Appeals, Ninth Circuit.
May 12, 1930.

Rehearing Denied June 20, 1930.

John L. Sullivan, of Phœnix, Ariz., for appellant.

John C. Gung'l, U. S. Atty., and B. G. Thompson, Asst. U. S. Atty., both of Tucson, Ariz.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from a judgment of conviction under three counts of an information charging the unlawful possession of intoxicating liquor, the unlawful possession of property designed for the manufacture of intoxicating liquor, and the maintenance of a common nuisance. The first and second assignments of errors are based on rulings excluding testimony offered by the appellant and refusing to suppress evidence seized by state officers under a state search warrant. These two assignments will be considered together. The material facts are as follows. The sheriff of Yavapai county, Ariz., obtained a search warrant from one of the state courts, authorizing the search of certain premises occupied by the appellant. The affidavit for the search warrant was on information and belief, and was clearly insufficient under the federal statutes. Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Veeder v. United States (C. C. A.) 252 F. 414; United States v. Borkowski (D. C.) 268 F. 408; Giles v. United States (C. C. A.) 284 F. 208; Siden v. United States (C. C. A.) 9 F.(2d) 241; Proulx v. United States (C. C. A.) 32 F.(2d) 760. We do not understand that the government makes any serious claim to the contrary. Under the search warrant, the sheriff and his deputies made a search of the premises therein described and found a large assortment of intoxicating liquor and property designed for the manufacture of intoxicating liquor. When the search was completed and before the seized property was removed from the premises, the sheriff called up the local prohibition agents by telephone, with a view of turning the property over to them, and this was done on the following morning. The sheriff, as a witness for the government, was interrogated concerning telephone communications, or other arrangements, with prohibition agents, or other federal officers, relating to the search and seizure, but the testimony was limited by the court to conversations had or arrangements made at, or prior to, the time of the search. The appellant then asked the witness the following question: "Q. I would like to ask the witness if he knew when he entered the premises that the property would be turned over to the prohibition department for prosecution?"

To this question an objection was sustained and an exception allowed.

The provision of the fourth amendment to the Constitution, forbidding unreasonable searches and seizures, refers to governmental action, and is not invaded by unlawful acts of individuals or of municipal or state officers, in which the government has no part. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. But evidence obtained through wrongful searches and seizures by state officers who are co-operating with federal officers must be excluded. Byars v. United States, supra; Gambino v. United States, 275 U. S. 310, 314, 48 S. Ct. 137, 52 A. L. R. 1381, 72 L. Ed. 293. The latter case went one step further and held that where the search and seizure was made by state officers for the sole purpose of aiding in the prosecution of a federal offense, the testimony must be excluded, whether there was co-operation between state and federal officers at the time of the search and seizure or not.

Under the decision in the Gambino Case, it was clearly competent for the appellant to prove, if he could, that the search was made by the sheriff for the sole purpose of aiding the government in the enforcement of its laws, regardless of any co-operation with federal officers; and the question propounded to the witness, who procured the search warrant and had charge of its execution, had a manifest tendency to prove that such was his sole and only purpose. The exclusion of the proffered testimony was therefore prejudicial error for which the judgment must be reversed. The other assignments are not of sufficient merit to call for any comment.

Reversed and remanded for a new trial.