## SLOANE v. UNITED STATES.
### No. 294.

Circuit Court of Appeals, Tenth Circuit.

March 2, 1931.

Orban Patterson, of Oklahoma City, Okl., for appellant.

Herbert K. Hyde, Asst. U. S. Atty., of Oklahoma City, Okl. (Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., on the brief) for the United States.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

George Sloane was tried, convicted and sentenced on three counts of an indictment. The first count charged unlawful possession of whiskey, the second unlawful possession of a still, and the third unlawful manufacture of whiskey at 30th and High streets, Oklahoma City, Oklahoma, on or about July 14, 1929.

A Mr. DeMonbrum advised L. C. Whiteneck, a federal prohibition agent, that a man had reported to him a still was being operated near 30th and High streets. Whiteneck telephoned such information to W. I. Eads, a deputy sheriff of Oklahoma county. Eads stated that he did not know whether he could get any one to assist him. Whiteneck replied that he could get police officer Ryan to help him. Eads, in company with Ryan and deputy sheriff Kerr, went to 30th and High streets, searched the premises and secured the evidence upon which the government predicates its case.

Eads testified that Whiteneck did not tell him "when to go, or whether to go or not, but * * * gave him the information" and that "he was acting on his own initiative, and he got the search warrant and started."

The morning following the search by the state officers, Whiteneck saw Eads and the latter told the former that Kerr had filed the case in the county court. Whiteneck discussed the matter with Kerr and the latter stated it was agreeable with him to have the case prosecuted in the federal court, and that he would have the county attorney dismiss the state case.

Counsel for Sloane moved to suppress the evidence obtained by such search on the ground that it was obtained in violation of the Fourth Amendment to the Constitution of the United States.

A prohibition officer must not be permitted to procure a search by state officers in order to secure evidence for a prosecution in the federal court which he could not personally secure without violating the Fourth Amendment. He must not be permitted to do indirectly that which he cannot do directly, and thus circumvent the provisions of the Fourth Amendment against unreasonable search and seizure.

While the instant case comes very close to the line, we are not convinced that such a purpose actuated Whiteneck when he gave the information to Eads. By passing on the information, he may have provoked the action of the state officers, but he neither ordered nor directed the search. Eads did not act under the order or direction of Whiteneck, but on his own initiative. The state officers were not acting for the federal officers nor solely for the purpose of aiding in the enforcement of the federal law. They were performing their normal duties as state officers.

The case is distinguishable from Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381, in that there the state officers were acting solely for the purpose of aiding in the enforcement of federal law. It is likewise distinguishable from Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, because there a federal prohibition agent, acting as such, was present and participated in the unlawful search with the state officers.

We conclude that the motion to suppress was properly denied.

Counsel for Sloane contends that the government failed to prove venue. The question is raised here for the first time. During the trial, counsel for Sloane stated, "There is no defense to the case at all except this motion to suppress the evidence." In view of this statement and the fact that the question was not raised below, we will not consider it. Tuckerman v. United States (C. C. A. 6) 291 F. 958.

The judgment is affirmed.