## ALDRIDGE v. UNITED STATES.
### No. 897.

Circuit Court of Appeals, Tenth Circuit.
Nov. 27, 1933.

T. H. Davidson, of Muskogee, Okl., and W. H. Ballard, of Wewoka, Okl., for appellant.

. W. F. Rampendahl, U. S. Atty., of Muskogee, Okl.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant was convicted on two counts of an indictment. The first count charged unlawful possession of whiskey in what was formerly the Indian Territory, contrary to the provisions of the Act of June 30, 1919 (25 USCA § 244). The second count charged unlawful transportation of whiskey, contrary to the National Prohibition Act (27 USCA § 1 et seq.).

A group of state officers stopped appellant and one Bray as they were driving along in a Chevrolet coupé. On the shelf back of the seat in the car the officers observed a whiskey syphon, and whiskey running therefrom. The officers searched the car and found therein a keg of whiskey. One of the officers was an employee of the Wm. J. Burns Detective Agency. The Agency was employed by the American Bankers Association to investigate offenses against national banks. Evidence secured by the officers was admitted over the objection that the search was unlawful.

The contention is made that national banks are instrumentalities of the national government, and that the Burns detective was an agent of a national bank. Although created to aid the Government and regarded as agencies or instrumentalities of the national government for the purpose of providing national currency secured by pledges of United States bonds, national banks are private institutions and do not constitute a part of any branch of the United States Government.

Branch v. United States, 12 Ct. Cl. 281; Id., 100 U. S. 673, 25 L. Ed. 759. Furthermore, the Burns detective was employed not by a national bank but by the American Bankers Association. We conclude, therefore, that he may not be regarded as an agent or representative of the national government.

The prohibition of the Fourth Amendment applies only to the national government and its agencies. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Weeks v. United States, 232 U. S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Schroeder v. United States (C. C. A. 2) 7 F. (2d) 60; Twining v. New Jersey, 211 U. S. 78, 29 S. Ct. 14, 53 L. Ed. 97.

Evidence secured through unlawful search and seizure by state officers not acting directly or indirectly in behalf of the United States, is admissible in a prosecution in the national courts. Burdeau v. McDowell, supra; Lerskov v. United States (C. C. A. 8) 4 F.(2d) 540; Miller v. United States (C. C. A. 3) 50 F.(2d) 505; Schroeder v. United States, supra.

Evidence secured through an unlawful search and seizure by state officers is not admissible in a prosecution in the national courts where Federal officers directly or indirectly participated in the search (Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Sloane v. United States (C. C. A. 10) 47 F.(2d) 889), or where the search and seizure was solely on behalf of the United States to secure evidence of a violation of Federal law (Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381; Hall v. United States (C. C. A. 9) 41 F.(2d) 54).

Here the state officers were not acting in behalf of the United States, and we conclude that the evidence was admissible.

Appellant also contends that the court erred in giving the following instruction:

"These defendants, as all defendants do under our system of government, entered upon this trial with the presumption of innocence in their favor, and that presumption of innocence remains with them and continues with them in their favor until it is overcome by evidence."

It is urged that the court should have added, after the word *evidence*, the following: "Proving their guilt beyond a reasonable doubt."

The alleged error was not called to the attention of the trial court by an exception to the charge. Trial errors ordinarily will not be reviewed unless the trial court's attention was called thereto by specific objection and exception. Addis v. United States (C. C. A. 10) 62 F.(2d) 329, 331; Trefone v. United States (C. C. A. 10) 67 F.(2d) 954. Furthermore, in another part of the charge the court fully and accurately instructed the jury upon the law as to reasonable doubt.

Appellant further contends that since there was but one transaction, he was not guilty of both possession and transportation. It is well settled that "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Gavieres v. United States, 220 U. S. 338, 342, 31 S. Ct. 421, 422, 55 L. Ed. 489; Carter v. McClaughry, 183 U. S. 365, 395, 22 S. Ct. 181, 46 L. Ed. 236. See, also, Buchanan v. United States (C. C. A. 8) 15 F.(2d) 496; Earl v. United States (C. C. A. 9) 4 F.(2d) 532.

Place was an element of the offense charged in the first count, but not in the second; transportation was an element of the offense charged in the second count, but not in the first. It follows that the offenses were essentially different, and that an acquittal or conviction of one would not exempt appellant from prosecution for the other.

The constitutionality of the Act of June 30, 1919, has been sustained in many recent decisions. See Hodges v. United States (C. C. A. 10) 36 F.(2d) 356, and cases there cited.

The judgment is affirmed.