**JARAMILLO et al. v. UNITED STATES.**

No. 1192.

Circuit Court of Appeals, Tenth Circuit.

April 3, 1935.

George R. Craig and David A. Grammer, both of Albuquerque, N. M., for appellants.

Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. M. (Wm. J. Barker, U. S. Atty., of Santa Fé, N. M., on the brief), for the United States.

Before LEWIS and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

On August 31, 1934, appellants and three others—Frank Brown, Vivian Tafoya and Robert Montoya—were indicted for conspiring to violate the statute prohibiting the sale of liquor to Indians (25 USCA § 241). Overt acts, setting up three separate sales from appellants to their co-conspirators and from them to Indians, were alleged to have been committed on August 16 and August 24, 1934. All were found guilty.

The proof established that appellants were running a place in Gallup where food and liquors were legally dispensed, and where a crap-game was operated back of the partition. Appellants sold liquor to their co-conspirators for sixty cents a half pint; they in turn sold it to Indians for a dollar a half pint. The co-conspirators loafed about appellants' place. Indians coming to the place would be met by one of the co-conspirators who would solicit them to buy liquor; after the price was agreed upon, one of the co-conspirators would go in, get the whisky, bring it out, deliver it, and keep the forty cents profit on the deal. On one occasion one of appellants talked to an Indian outside the place, whereupon one of the co-conspirators went in, bought the whisky, brought it out and delivered it to the Indian. Upon another occasion, appellants' employee who ran the crap-game invited one Crockett to sell whisky to Indians, and the sale was made to Crockett and he delivered it to Indians on the premises, one of appellants telling Crockett to let the Indians out the back door. An Indian testified that one of appellants solicited him to buy liquor, and the sale was made through one of the co-conspirators. This testimony draws a clear picture of the illegal sale of liquor to Indians through the instrumentality of loafers about the place. Appellants contradicted much of this testimony and stoutly maintained that they had no suspicion that their co-conspirators were selling to Indians; but such conflicts were for the jury.

We are asked to review the evidence in order to determine whether the jury's verdict is contrary to the facts; it is argued that the trial court should have instructed a verdict of not guilty. But no motion was made at the trial for such instruction. Section 879, Title 28 USCA, provides "There shall be no reversal in the Supreme Court or in a circuit court of appeals * * * for any error in fact." It has been repeatedly held that the sufficiency of the evidence to support a verdict will not be reviewed in

the absence of a motion in the trial court presenting that legal question for determination. Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738, certiorari denied, 281 U. S. 725, 50 S. Ct. 239, 74 L. Ed. 1143; Williams v. United States (C. C. A. 10) 66 F. (2d) 868. Nor are we required to review a ruling on evidence to which error is not assigned as provided by our Rule 11.

 Appellants invoke the rule that an appellate court may notice a plain and vital error, even though not properly saved for review, where necessary to prevent a grave injustice. Wiborg v. United States, 163 U. S. 632, 659, 16 S. Ct. 1127, 41 L. Ed. 289; Lamento v. United States (C. C. A. 8) 4 F.(2d) 901; Van Gorder v. United States (C. C. A. 8) 21 F.(2d) 939; Bogileno v. United States (C. C. A. 10) 38 F.(2d) 584; Armstrong v. United States (C. C. A. 10) 65 F.(2d) 853. Accordingly we have examined the record sufficiently to satisfy ourselves that no injustice has been done. Conspiracies may be, and more often are, proven by circumstantial evidence. If three men are operating a still, one tending the fire, one watching the mash, and one acting as look-out, a jury is quite warranted in finding that their collective efforts to attain a common end were not the result of a coincidence, but were in pursuance of a common plan. If liquor is repeatedly sold to impecunious bar-room loafers, who as repeatedly re-sell it immediately to Indians on the doorstep or in the back room of the saloon, a jury might well find that this course of business came about as the result of a plan of the owners of the saloon to sell liquor to Indians. Twelve men, quite as informed as we are of the devious ways of the whites in dealing with Indians, heard this evidence and found the appellants guilty; an experienced trial judge approved the verdict. We cannot say they were all in error, and that appellants were oblivious of the fact that these loafers were disposing of the liquor to the Indians. The jury may not have reached the right conclusion; but even so, no vital error was committed in submitting the question of fact to them; nor does it appear, from the record, that any grave injustice has been done. Indians undoubtedly were getting liquor regularly from this saloon; sales were regularly made to loafers about the place, and it is not at all improbable that appellants had a very fair notion of what their co-conspirators were doing with it, and collaborated in the practice. There is nothing to the objection that the proof disclosed more than one

conspiracy; but if there were, it cannot be said that such objection concerns a point so vital that a court should notice it in order to prevent the doing of a great injustice.

The alleged error in admitting evidence not only is not properly assigned, but the objection made at the trial is clearly untenable. The objection made at the trial is not urged here; the objection urged here was not made at the trial. Having objected at the trial on a specific ground, another ground may not now be relied on for reversal. Frates v. Eastman (C. C. A. 10) 57 F. (2d) 522.

The judgment is affirmed. The mandate will go down forthwith.