**EDGMON et al. v. UNITED STATES.**
No. 1446.

Circuit Court of Appeals, Tenth Circuit.
Dec. 14, 1936.

14

W. B. Wall and J. Fred Green, both of Sallisaw, Okl., for appellants.

Earl Pruet, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Edgmon and Denton were convicted and sentenced on an indictment charging a violation of 27 U.S.C.A. § 123 (48 Stat. 316, § 12) [1] and have appealed.

Sentence was imposed on June 24, 1936. While section 123, supra, was expressly repealed on June 25, 1936, § 9 (49 Stat. 1930, 27 U.S.C.A. § 123 note) it must be "treated as still remaining in force" with respect to this prosecution and the judgment therein by virtue of the saving provisions of 1 U.S.C.A. § 29. Ex parte Lamar (C.C.A.) 274 F. 160, 172; U. S. v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480; Hertz v. Woodman, 218 U.S. 205, 217, 30 S.Ct. 621, 54 L.Ed. 1001.

Ira Wofford, a constable of Sequoyah county, Oklahoma, and one Lewis observed the defendants drive in a Pontiac coupe to the loading dock of the Ft. Smith Wholesale Liquor Company, in Ft. Smith, Arkansas, load into the coupe four pasteboard cartons of the size and appearance of whisky cartons, and then drive down Second street in Ft. Smith and across the bridge into Oklahoma. Wofford and Lewis followed defendants for a distance of about two miles into Sequoyah county, Oklahoma, when Wofford stopped defendants and searched their automobile. He found therein four cartons of whisky and arrested defendants. Wofford turned the defendants, their automobile and the whisky over to one Wilson, a deputy United States Marshal.

Defendants were residents of Sequoyah county, Oklahoma.

No federal officer participated in the search or arrest of defendants; Wofford and Lewis were not acting in conjunction with or under the direction of federal officers; and the search and seizure were not made solely in behalf of the United States.

Motions to quash the indictment and suppress the evidence secured by the search were overruled by the trial court.

[1] Section 123, supra, reads:

"Whoever shall * * * cause intoxicating liquors to be transported in interstate commerce, * * * into any State, * * * the laws of which prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be fined not more than $1,000 or imprisoned, not more than six months, or both."

■ The prohibition of the Fourth Amendment applies only to the national government and its agencies. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Aldridge v. U. S. (C.C.A.10) 67 F.(2d) 956; Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Schroeder v. United States (C.C.A.2) 7 F.(2d) 60; Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Rettich v. U. S. (C.C.A.1) 84 F.(2d) 118.

■ Evidence secured through unlawful search and seizure by state officers not acting directly or indirectly in behalf of the United States, is admissible in a prosecution in the national courts. Burdeau v. McDowell, supra; Aldridge v. U. S., supra; Lerskov v. United States (C.C.A.8) 4 F.(2d) 540; Miller v. United States (C.C.A.3) 50 F.(2d) 505; Schroeder v. United States, supra.

Evidence secured through an unlawful search and seizure by state officers is not admissible in a prosecution in the national courts where federal officers directly or indirectly participated in the search (Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Aldridge v. U. S., supra; Sloane v. United States (C.C.A.10) 47 F.(2d) 889), or where the search and seizure were solely on behalf of the United States to secure evidence of a violation of federal law. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Hall v. United States (C.C.A.9) 41 F.(2d) 54.

■ Here the state officers were not acting in behalf of the United States and no federal officer participated in the search and seizure. Furthermore, there was probable cause for the search. Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. U. S., 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407. We conclude the motion to suppress was properly denied.

■ Counsel for defendants contend that section 123, supra, was repealed by the provisions of 26 U.S.C.A. § 1397, which reads:

"Any person who shall carry on the business of a rectifier, wholesale liquor dealer, retail liquor dealer, * * * without having paid the special tax as required by law shall, for every such offense, be fined not less than $100 nor more than $5,000 and imprisoned not less than thirty days nor more than two years."

In Wainer v. U. S., 57 S.Ct. 79, 80, 81 L.Ed. —— (decided November 9, 1936), the court said:

"The difficulty of paying the excise upon the privilege of carrying on a business which is prohibited does not preclude the prescription of sanctions for nonpayment. Petitioners insist it is a contradiction in terms to say the laws of the United States at the same time prohibit and license an occupation. The contention is based on misconception of the nature of the exaction. The United States has not licensed the liquor business but, as clearly within its power, has laid an excise upon the doing of the business whether lawfully or unlawfully conducted."

See, also, U. S. v. Constantine, 296 U.S. 287, 293, 56 S.Ct. 223, 80 L.Ed. 233.

Since section 1397, supra, applies where the business, the carrying on of which is taxed, is unlawful as well as where it is lawful under local law and is not to be construed to exempt from any penalty or punishment provided by state law (see 26 U.S.C.A. § 1407), there is neither conflict nor inconsistency between section 123 and section 1397, supra.

Error is assigned on certain remarks made and questions propounded to witnesses by the trial court during the progress of the trial. No objection was interposed nor exception reserved thereto.

■ Alleged trial errors should be called to the trial court's attention by specific objections and exceptions in order that it may have the opportunity to correct the errors. In the absence of such specific objections and exceptions, they will not ordinarily be reviewed upon appeal. Kelly v. U. S. (C.C.A.10) 76 F.(2d) 847; Addis v. United States (C.C.A.10) 62 F.(2d) 329; Order of United Commercial Travelers of America v. Greer (C.C.A.10) 43 F.(2d) 499; Hoffman v. United States (C.C.A.10) 68 F.(2d) 101; Aldridge v. United States (C.C.A.10) 67 F.(2d) 956; Trefone v. United States (C.C.A.10) 67 F.(2d) 954; Strader v. United States (C.C.A.10) 72 F.(2d) 589.

■ There is a well recognized exception to this general rule that, in criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct plain errors in the trial of the accused which appear to

have seriously prejudiced his rights, although those errors were not challenged or reserved by objections, motions, exceptions or assignments of error. Kelly v. U. S., supra; Strader v. United States, supra; Addis v. United States, supra; Bogileno v. United States (C.C.A.10) 38 F.(2d) 584; Jaramillo v. U. S. (C.C.A.10) 76 F.(2d) 700; Kelly v. U. S. (C.C.A.10) 76 F.(2d) 847.

A careful examination of the record leads us to the conclusion that the alleged errors last above adverted to fall within the general rule rather than the exception thereto.

Affirmed.