**TAYLOR v. HUDSPETH, Warden.**

No. 2082.

Circuit Court of Appeals, Tenth Circuit.

July 10, 1940.

———◇———

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Jake Taylor, a prisoner in the United States penitentiary at Leavenworth, Kansas, has appealed from an order denying him writ of habeas corpus on his verified petition. His petition states that he was denied the assistance of counsel for his defense; was not informed of the true nature and cause of the accusation against him and was not served with a copy of the indictment; was sentenced to five years' imprisonment on the first count on his plea of guilty and later, during his absence from the court room, was given a three-year cumulative sentence on a second count of which he knew nothing; and that evidence used against him was obtained during an illegal search by "two officers" of his home without a warrant.

Respondent warden filed an "Answer" supported by affidavits of the trial judge, the assistant United States Attorney, and the two arresting officers. Respondent set forth that petitioner is held in custody under commitment following indictment, plea of guilty and judgment of the United States District Court for the Eastern Dis-

trict of Oklahoma entered on June 10, 1937. It appears that petitioner was arrested by two deputy sheriffs of Muskogee County, Oklahoma, who were engaged in the enforcement of state laws, as he was making a sale of a pint of moonshine whiskey at the front door of his cafe in Haskell, Muskogee County, Oklahoma; that his violation was reported to the investigators of the federal Alcohol Tax Unit, and indictment followed; that on petitioner's arraignment the court was informed he had been four times convicted in said court for liquor law violations, and had been fined $50 in the first case, was sentenced to 90 days in jail in the second, was sentenced to one year and one day in the third, and was sentenced to two years in the penitentiary at Leavenworth, Kansas, in the fourth case; that petitioner told the court he was guilty after the indictment was read to him; that he did not ask for the appointment of counsel, and the court did not refuse to appoint counsel; that he seemed to fully understand the charges against him, and seemed to know exactly what he was doing in entering his plea of guilty; that he did not request a copy of the indictment; that he was asked if he had anything to say before sentence, and he replied in the negative; that it was always the court's practice to appoint counsel for any defendant requesting counsel or who does not seem to understand court procedure; and that sentence on both counts was pronounced while petitioner was in the court room.

The judgment recites that petitioner was present in the court room and pleaded guilty to the charges in the indictment, was asked if he had anything to say why judgment should not be pronounced, and was thereupon sentenced on both counts.

■ The practice here followed of making a preliminary inquiry to determine the propriety of issuing the writ has been approved. Nivens v. Hudspeth, 10 Cir., 105 F.2d 756, 759; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; Murdock v. Pollock, 8 Cir., 229 F. 392; Ex parte Yarbrough (The Ku Klux Cases), 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274; Blood v. Hudspeth, 10 Cir., 113 F.2d 470, decided June 29, 1940.

■ Petitioner failed to establish that the trial court was without jurisdiction to pronounce sentence on the alleged grounds he had not waived his constitutional rights to have the assistance of counsel and was not in the court room when the entire sentence was pronounced. There is the sentencing court's judgment and its recitals, the presumption of regularity of the judgment, the implication under the circumstances that petitioner waived his right to counsel, and the convincing showing by the warden, respondent, as to the surrounding facts and circumstances. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461; Nivens v. Hudspeth, supra; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, 397.

■ ■ Petitioner's alleged ground that he was not served with a copy of the indictment does not go to the jurisdiction of the sentencing court. There was no mandatory obligation on the government to furnish petitioner with a copy of the indictment. There is no allegation of a request by petitioner of the clerk or anyone else for a copy of the indictment and a refusal to furnish same, 18 U.S.C.A. § 562a.

■ Finally, we notice the claim that evidence obtained through an unlawful search and seizure was admitted against petitioner. Petitioner states that "two officers" entered his home without a search warrant. There is no contradiction of respondent's showing that the "two officers" were deputy sheriffs of Muskogee County, Oklahoma, engaged in the enforcement of state laws. There is no claim that a federal officer accompanied or directed them.

■ The prohibition of the Fourth Amendment applies only to the federal government and its agencies. The federal government may avail itself of evidence improperly seized by state officers operating on their own account. Edgmon v. United States, 10 Cir., 87 F.2d 13; Sloane v. United States, 10 Cir., 47 F.2d 889; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. Right to object on the ground of illegal seizure is waived unless there is a timely motion to suppress the evidence. Moore v. Aderhold, 10 Cir., 108 F. 2d 729, 732, citing cases. Questions of competency of evidence adduced at the trial will not be reviewed on habeas corpus, because, if error was committed, it does not go to the jurisdiction of the court. Moore v. Aderhold, supra; Matter of Moran, 203 U.S. 96, 105, 27 S.Ct. 25, 51 L.Ed. 105.

The court below found there was no merit in the petition for the writ.

Affirmed.