**BUTLER v. UNITED STATES.**

**No. 3265.**

Circuit Court of Appeals, Tenth Circuit.

March 12, 1946.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Butler was indicted, tried, and convicted for the offense of the possession of 11½ gallons of nontax-paid whiskey.

The evidence established these facts: Butler operated a cafe at 626 East Second Street, Oklahoma City, Oklahoma. Prior to July 19, 1945, he rented a garage located at 534 Northeast Third Street, Oklahoma City, Oklahoma. The owner furnished Butler with a key to a padlock on the garage door. The garage was about three blocks distant from the cafe. At the cafe, Butler engaged in the unlawful sale of whiskey. On July 19, 1945, two police officers of Oklahoma City, having information that Butler was keeping intoxicating liquor at the garage, went to the garage and found it padlocked. They then went to Butler's cafe. They there searched Butler and found some keys in his pocket.

One was a pàdlock key. They then went with Butler to the garage, unlocked the padlock with the key, and found therein 11½ gallons of nontax-paid whiskey. On July 20, 1945, two investigators for the Alcohol Tax Unit were instructed by the investigator in charge to investigate the seizure of the 11½ gallons of whiskey. They contacted the police officers and found the whiskey in the custody of the police officers. The whiskey was in one-half gallon fruit jars and no stamps were affixed thereto. They then contacted Butler and, after first advising him as to his legal rights, made inquiry with respect to the whiskey stored in the garage. Butler denied any knowledge of the whiskey stored in the garage and stated "I been selling whiskey where I run my barbecue joint but I never keep more than two gallons of whiskey at any time. Eleven and a half gallons is too much for me to keep." At the trial, Butler admitted that prior to July 19, 1945, he discussed the renting of the garage with the agent of the owner of the garage and also with the owner but denied that he actually rented the garage.

No motion was made to suppress the evidence obtained by the search and seizure and no objection was made at the trial to the introduction of such evidence. On appeal, for the first time, Butler challenges the legality of the search and the admission of such evidence on authority of Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381. In the Gambino case, the defendants, at the time of the arrest, search, and seizure, were not committing any state offense and the defendants, in that case, moved seasonably, in advance of the trial, for the suppression of the evidence and its return. In the instant case, the possession of the whiskey constituted a violation of 37 O.S. 1941, §§ 31, 32, and the police officers were engaged in the enforcement of state law. There was no evidence that the police officers made the search and seizure solely for the purpose of aiding the prosecution of a Federal offense, other than the fact that they turned the whiskey over to the investigators for the Alcohol Tax Unit.

It is well settled that evidence wrongfully obtained by state officers, not acting for Federal officers, nor solely for the purpose of aiding in the enforcement of Federal law, is admissible in prosecutions for Federal offenses.[1]

Moreover, unless a timely motion is made to suppress the evidence, the objection is waived.[2]

The proof that the whiskey was found in the garage rented by Butler and to which he carried the key and that he was engaged in the sale of whiskey at his

[1] Ruhl v. United States, 10 Cir., 148 F.2d 173, 174; Feldman v. United States, 322 U.S. 487, 492, 64 S.Ct. 1082, 88 L. Ed. 1408, 154 A.L.R. 982; Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Taylor v. Hudspeth, 10 Cir., 113 F.2d 825, 826; Edgmon v. United States, 10 Cir., 87 F.2d 13, 15; Aldridge v. United States, 10 Cir., 67 F.2d 956, 957; Sloane v. United States, 10 Cir., 47 F.2d 889, 890; Gambino v. United States, 275 U.S. 310, 317, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Kitt v. United States, 4 Cir., 132 F.2d 920, 922.

[2] Taylor v. Hudspeth, 10 Cir., 113 F. 2d 825, 826; Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732; Segurola v. United States, 275 U.S. 106, 111, 48 S.Ct. 77, 72 L.Ed. 186; Cobbledick v. United States, 309 U.S. 323, 326, 60 S.Ct. 540, 84 L.Ed. 783; Cogen v. United States, 278 U.S. 221, 223, 49 S.Ct. 118, 73 L.Ed. 275.

In Segurola v. United States, supra, the court said [275 U.S. 106, 48 S.Ct. 79]:

" * * * a court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it. In other words, in order to raise the question of illegal seizure, and an absence of probable cause in that seizure, the defendants should have moved to have the whiskey and other liquor returned to them as their property and as not subject to seizure or use as evidence. To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late."

cafe a short distance from the garage was sufficient, in our opinion, to warrant the jury in finding that Butler was in possession of the whiskey.

Affirmed.