**UNITED STATES v. BUTLER et al.**

**SAME v. ONE 1941 MERCURY SEDAN AUTOMOBILE, MOTOR NO. 99A407098, et al.**

**Nos. 3291, 3298.**

Circuit Court of Appeals, Tenth Circuit.

July 30, 1946.

Robert E. Shelton, Asst. U. S. Atty., of Oklahoma City, Okl. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellant.

Sid White, of Oklahoma City, Okl., for appellee Sam Butler.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

An indictment containing two counts was returned against Sam Butler and Raymond Craig. The first count, drawn under 26 U.S.C.A. Int.Rev.Code, § 3321, charged that they removed, deposited, and concealed, and aided and abetted in removing, depositing, and concealing approximately sixty-seven gallons of whiskey, upon which the tax imposed by law had not been paid, with the intent to defraud the United States; and the second count, drawn under 26 U.S.C.A. Int.Rev.Code, § 2803, charged that they had in their possession and under their control whiskey, the immediate containers of which did not bear stamps denoting

the quantity of the whiskey and evidencing payment of all internal revenue taxes thereon, as required by law. A libel of information, drawn under 26 U.S.C.A.Int. Rev.Code, § 3720, was filed against a described automobile in which it was charged that Butler used the automobile in the transportation on the highways of sixty-seven gallons of whiskey in containers which did not have affixed thereto stamps denoting the quantity of whiskey and evidencing the payment of the taxes due thereon, as required by law. Motions were filed to suppress the evidence in respect of the whiskey, to dismiss the indictment in the criminal case, and to dismiss the information in the action for forfeiture, on the ground that the whiskey was obtained by an unlawful search and seizure. The evidence adduced upon the motions to suppress was submitted to the court; and, apparently by agreement of the parties, the cases were also tried together to the court on their merits. After hearing all the evidence, the court suppressed the evidence obtained by the search and seizure, dismissed the criminal case, and denied forfeiture of the automobile.

■ Acting without a search warrant, two police officers of Oklahoma City stopped the automobile outside the city, searched it, and seized the whiskey. It has been held without deviation over a long period of time that evidence obtained through wrongful search and seizure by state officers, acting independently of the federal government, and not in the presence of nor with the participation of federal officers, is admissible in a prosecution in a United States Court, even though the property seized was by the state officers delivered to federal authorities for the purpose of being used as evidence in connection with the prosecution. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408; Sloane v. United States, 10 Cir., 47 F.2d 889; Aldridge v. United States, 10 Cir., 67 F.2d 956; Edgmon v. United States, 10 Cir., 87 F.2d 13; Taylor v. Hudspeth, 10 Cir., 113 F.2d 825; Ruhl v. United States, 10 Cir., 148 F.2d 173; Butler v. United States, 10 Cir., 153 F.2d 993.

■ But evidence obtained through such a search and seizure by state officers in cooperation with federal officers, or in the presence of federal officers, should be suppressed when seasonably challenged in an appropriate manner. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. Similarly, where state and federal officers have a general understanding and common practice that the latter may adopt and prosecute in the federal courts offenses. which the former discover in the course of their operations, and a prosecution which originated by an unlawful search and seizure by state officers is adopted, the evidence obtained as the result of the search and seizure is to be suppressed in like manner as though the search and seizure had been made by federal officers. Fowler v. United States, 7 Cir., 62 F.2d 656; Sutherland v. United States, 4 Cir., 92 F.2d 305; Lowrey v. United States, 8 Cir., 128 F.2d 477. And where state officers obtain evidence through means of an unlawful search and seizure, not made under any pretense of enforcing state law but solely in behalf of the United States for the intended purpose of criminal prosecution, it is open to suppression by appropriate proceeding timely taken. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Aldridge v. United States, supra; Edgmon v. United States, supra.

■ Here, there was evidence that while riding in the automobile, Butler and Craig, in the presence of the police officers, violated certain traffic ordinances of the city; that the officers undertook to stop them; that they fled and the officers pursued them; that in their flight, they violated other traffic ordinances; that the flight and pursuit extended to a point approximately fifteen miles beyond the city limits; and that the officers there shot and punctured one of the tires on the fleeing automobile and stopped it. There was evidence that the officers knew Butler; that they knew he was a bootlegger; that they had seen records which indicated that he was engaged in that business; that the automobile looked very low and seemed to be down-tracking; and that from its appearance and the respective speeds at which it went

up and down hills, the officers suspected or believed that it was heavily loaded with liquor. There was further evidence that the city, county, state, and federal officers cooperated in connection with the enforcement of the laws relating to liquor; and that the federal authorities sometimes accepted and prosecuted cases discovered and developed by the city officers. And there was still further evidence that the police officers placed Butler and Craig in the city jail; that they deposited the liquor in police headquarters and made a report of the matter; that a few hours thereafter, the captain in charge of the Vice Bureau of the city found the report and the liquor and notified the head of the Alcohol Tax Unit of the United States; that a representative of the Tax Unit went to the city hall, made an investigation, filed a complaint against Butler and Craig, took possession of the liquor, and seized the automobile. The city released Butler and Craig to the United States, and no complaint was filed or prosecution had either in the police court or the state court. While the police officers testified that they pursued and arrested Butler and Craig for the violation of city ordinances, the court expressly found in effect that in following the automobile, in stopping it, in searching it, and in seizing the whiskey, the officers suspected that it contained liquor upon which the federal tax had not been paid, and that they were acting solely for the purpose of aiding in the enforcement of federal law. The evidence and the inferences which the court was warranted in drawing from it support the finding. And inasmuch as the police officers were not undertaking to enforce any law of the city or state but solely to aid in the enforcement of federal law, the search and seizure violated the Fourth and Fifth Amendments and therefore the evidence was properly suppressed. Gambino v. United States, supra.

The parties present at length the interesting question whether under the law of Oklahoma a police officer is vested with authority to pursue a person beyond the city limits and there arrest him for the violation of a city ordinance committed in the presence of the officer within the city.

But, since the court found with sustainable foundation that the officers pursued Butler and Craig, arrested them, searched the automobile, and seized the liquor, not for or in connection with the violation of any city ordinance but solely to aid in the enforcement of federal law, there is no present need to explore that question and we therefore pretermit it to some other occasion in the future.

The evidence obtained in connection with the unlawful search and seizure excluded, there was no proof on which to predicate a conviction in the criminal case or a forfeiture in the action for libel. The judgments are severally affirmed.