## GILBERT v. UNITED STATES.

### No. 3494.

Circuit Court of Appeals, Tenth Circuit.

Aug. 20, 1947.

Harry Seaton, of Tulsa, Okl., for appellant.

Lawrence E. Todd, Asst. U. S. Atty., of Tulsa, Okl. (Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and SYMES, District Judge.

BRATTON, Circuit Judge.

The indictment in this case, drawn under 25 U.S.C.A. § 244, charged that Emma Gilbert had nine pints of intoxicating liquor in her possession at Fairfax, Oklahoma, in the Indian country where the possession of intoxicating liquor was prohibited by federal statute. The defendant filed a motion for the suppression of the liquor as evidence and for its return. The ground of the motion was that the chief of police of the City of Fairfax acting without a search warrant unlawfully searched her premises and seized the liquor. The case was tried to the court without a jury. After hearing all the evidence, the court denied the motion to suppress, found the defendant guilty, and imposed sentence.

The question presented on this appeal is whether the court improvidently denied the motion to suppress the liquor as evidence. The Fourth Amendment protects the citizen against unlawful searches and seizures. The Fifth Amendment secures him from compulsory testimony

against himself. And these constitutional provisions are to be liberally construed to prevent impairment of the safeguards which they provide. Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Gilbert v. United States, 10 Cir., 144 F.2d 568. But evidence obtained through a wrongful search and seizure by state or municipal officers, acting independently of the federal government and not solely for the purpose of aiding in the enforcement of federal law, is admissible in a criminal prosecution in a United States Court even though the property seized was by the state or municipal officers delivered to federal authorities for the purpose of being used as evidence in connection with the prosecution. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408, 154 A.L.R. 982; Ruhl v. United States, 10 Cir., 148 F. 2d 173; Butler v. United States, 10 Cir., 153 F.2d 993; United States v. Butler, 10 Cir., 156 F.2d 897.

■■■ Evidence obtained through a wrongful search and seizure by state or municipal officers, acting in the presence of federal officers or in co-operation with them, should be suppressed on challenge seasonable in time and appropriate in manner. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; United States v. Butler, supra. Similarly, where a general understanding and common practice exists between state or municipal officers and federal authorities that the latter will adopt and prosecute in the federal courts offenses which the former discovered in the course of their operations, and a prosecution which originated by an unlawful search and seizure of state or municipal officers is adopted, the evidence obtained as the result of such search and seizure should be suppressed in like manner as though the search and seizure had been made by federal officers. Fowler v. United States, 7 Cir., 62 F.2d 656; Sutherland v. United States, 4 Cir., 92 F.2d 305; Lowrey v. United States, 8 Cir., 128 F.2d 477; United States v. Butler, supra. And where state or municipal officers obtain evidence by means of an unlawful search and seizure, not made under any pretense of enforcing state or municipal law but solely in behalf of the United States for the intended purpose of criminal prosecution in a United States Court, it is open to being suppressed by appropriate proceeding timely taken. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; United States v. Butler, supra.

■■ The burden rested upon appellant to show affirmatively that there was a general understanding and common practice between the chief of police of the City of Fairfax and the federal authorities that the latter would adopt and prosecute in the United States Court offenses involving possession of intoxicating liquor which the former discovered in the course of his operations, and that the search and seizure in question were made and the liquor delivered to the federal authorities pursuant to such understanding and practice. Rettich v. United States, 1 Cir., 84 F.2d 118.

■■ The court found among other things that the evidence failed to show the existence of an understanding between the local officers and the federal authorities that cases presented by the former would be adopted by the latter; and further that in making the search and seizure in question, the chief of police was not acting solely for the purpose of aiding in the enforcement of federal law. In short, the court found in effect that appellant failed to discharge the burden of proof resting upon her. The finding has substantial support in the evidence and its reasonable inferences, and therefore it must stand on appeal. It follows that the denial of the motion to suppress did not constitute error.

The judgment is affirmed.