**Dantan George REA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 4974.**

United States Court of Appeals,
Tenth Circuit.

Dec. 23, 1954.

Joseph A. Sommer, Santa Fe, N. M.
(Thomas F. McKenna, Santa Fe, N. M.,
on the brief), for appellant.

James A. Borland, Asst. U. S. Atty.,
Albuquerque, N. M. (Paul F. Larrazolo,

U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

An indictment was filed against appellant, Dantan George Rea, in the United States District Court for the District of New Mexico, charging him with unlawfully acquiring marijuana without having paid the transfer tax required by law, in violation of 26 U.S.C.A. § 2593 (a). The evidence upon which the prosecution was predicated was obtained as the result of an illegal search pursuant to a void search warrant. After a plea of not guilty, appellant moved that the search warrant issued and all property seized pursuant thereto be suppressed as evidence against him "in any criminal proceeding including the above entitled action." The trial court suppressed the evidence with the result that the district attorney, being deprived of the use of his evidence, at the same time moved for a dismissal of the action. Such an order was entered by the court. Thereafter, on August 13, 1953, Narcotics Agent Salter swore to a complaint before a Justice of the Peace of New Mexico, stating that appellant was in possession of marijuana, in violation of Section 71–636, N.M.S.A.1941, Compiled. Appellant was arrested on the warrant and complaint issued and he is now awaiting trial in the State Court of New Mexico. The case against him there is presumably predicated on the testimony of Narcotics Agent Salter and the evidence seized by him.

On June 21, 1954, appellant filed a motion in the federal court for a contempt show cause order to be issued against Salter, to show cause why he should not be held in contempt of court and to enjoin him from testifying in the state court action with respect to the narcotics obtained by him as a result of his illegal search, and that if such evidence had been already transferred out of the custody of the United States to direct him to immediately reacquire custody and possession in the name of the United States, and to destroy the evidence or transfer it to other agents of the United States. The grounds of this motion were that the evidence had been illegally obtained and that the federal court should enjoin its use in the state tribunal. The trial court upon hearing and briefs submitted entered an order denying the relief sought on the ground that the suppression of evidence in a federal court under Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and the Fourth Amendment to the Constitution of the United States applies only to proceedings in United States Courts and does not govern the use of that evidence in a state court. This appeal challenges the correctness of that ruling.

By his original motion appellant sought two things: first, the suppression of the evidence and the order of the court denying its use as evidence in any prosecution against him and, second, the order of the court directing the disposal of the property in question. The court entered an order suppressing the evidence but made no order with respect to the seized property.

Rule 41(e) of the Federal Rules of Criminal Procedure empowers the court to suppress evidence obtained in violation of one's rights under the Fourth Amendment to the Constitution and to order its return, if it is of such a nature that it can be lawfully returned. This, being marijuana, was contraband and could not be lawfully returned to appellant. When Rea obtained an order suppressing the use of the marijuana as evidence against him and the district attorney dismissed the charge, the case against him came to an end. At that point there was nothing pending against him in any court. What he sought thereafter when the state case was filed against him was an order of the district court, enjoining Salter from testifying in the state action, and a further order with respect to the disposition of the evidence which in effect would enjoin its production as evidence in the state court.

The receipt of evidence in trials in federal courts, resulting from unlawful searches and seizures by federal officers or agents, is not a violation of rights guaranteed by the Fourth Amendment. The invasion of the right to sanctity and privacy of the home is complete when the unlawul search and seizure is consummated. The legal penalties which flow from such violation and which may be inflicted then become absolute, and denying the right to receive evidence thus obtained thereafter in a trial in the federal court is no part of such penalties, either under the Fourth Amendment or under any law of Congress. Congress no doubt could pass a law prohibiting the use of such evidence in federal courts but this it has not done. In the absence of such a statute, the denial of the right to use the same flows from a rule of evidence fashioned by the federal courts.[1] The rule is well stated in Shinyu Noro v. United States, 5 Cir., 148 F.2d 696, 699, as follows: "Neither the Constitution nor any statute in terms prohibits the use of the truth, even though unlawfully discovered, as evidence in the prosecution of a crime; but it is a federal judicial policy not to allow the agents and officers of the United States to break the law themselves and then use information so acquired to prosecute others."

The prohibition against the use of such evidence is limited to trials in the federal courts and there only when it was unlawfully obtained by federal officers or agents. It has consistently been held that evidence obtained by state officers in violation of the Fourth Amendment may be received in trials in federal courts [2] and that evidence unlawfully obtained by federal officers may be used in state trials, when not in contravention of state law.[3]

We cannot agree that the relief sought is merely incidental to the order of suppression. While the motion for suppression sought the suppression of the evidence "in any criminal proceeding including the above entitled action," we think it must be construed as being limited to actions by the federal government in federal courts. That is the interpretation placed upon the order of suppression by the judge who entered it, when in denying relief under this motion he stated that the motion to suppress was sustained "only insofar as the Court therein and thereby prohibited the introduction of the evidence thereby obtained by Agent Jack Salter through an illegal federal search warrant in this court and *had no bearing whatsoever on the use of said evidence in the State Courts of New Mexico, the Court only suppressing the use of said evidence in the United States District Court for the District of New Mexico."*

Whether evidence unlawfully obtained by federal officers or agents in violation of the Fourth Amendment is admissible in state criminal trials depends upon the state constitution, state statutes, decisions by its courts, or state rules of evidence. If not prohibited by one of these, its receipt in evidence does not violate any right guaranteed the accused by the federal Constitution, its laws, decisions of its courts, or its rules of evidence. But assuming without so deciding that the district court under its general equity power had the authority to provide for the destruction of this evidence for the admitted purpose of preventing its use by the state and the power to enjoin Salter from testifying in the

1. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, and cases there cited.

2. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Taylor v. Hudspeth, 10 Cir., 113 F.2d 825; United States v. Butler, 10 Cir., 156 F.2d 897; Jaroshuk v. United States, 9 Cir., 201 F.2d 52; Rettich v. United States, 1 Cir., 84 F.2d 118.

3. Terrano v. State, 59 Nev. 247, 91 P.2d 67; State v. Gardner, 77 Mont. 8, 249 P. 574; Com. v. Colpo, 98 Pa.Super. 460, certiorari denied 282 U.S. 863, 51 S.Ct. 36, 75 L.Ed. 763.

state action, if subpoenaed therein, we are of the view that it should not have done so.

While the facts in Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 120, 96 L.Ed. 138, differ slightly from the facts before us in that there the plaintiff sought an injunction enjoining state officers from using evidence in a state prosecution which had been obtained in violation of the Federal Civil Rights Act, while here the evidence was obtained by a federal officer in violation of the Fourth Amendment, we think the reasoning of that case has force and applicability here. The court concluded that even if the power to enjoin the state officers might fairly and constitutionally be derived from the generality of language of the Act, to grant the relief would disregard the power of courts of equity to exercise discretion, when in the exercise of such discretion the balance is against the wisdom of using it. The court alluded to the delicate balance between state and federal judicial systems and how great care and discretion was necessary to preserve harmonious relationships between the two systems. The court reaffirmed the principle that "federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure." Say what you will, the effect of the relief sought would make impossible the prosecution by the state of its action against appellant. That is the purpose and the only purpose sought to be accomplished by this proceeding and such an order would constitute an interference with the state judicial process.

Again assuming without deciding that the use of the void warrant and the evidence seized thereunder would violate some federal constitutional right of appellant, denying him the relief which he seeks would not leave him without remedy. He could urge that, as he should, in the state trial [4] and, if denied relief there, could then appeal to the Supreme Court.

The quotation from the opinion in Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 183, 64 L.Ed. 319, that "The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court *but that it shall not be used at all*" does not support appellant's theory. In that case documents were unlawfully seized. They were photostated and the originals were then returned by order of the court and the Government sought to use the photostatic copies and what the opinion means is that the Government could not use that evidence in any way.

Affirmed.

---

4. See Douglas v. City of Jeannette, 319 U. S. 157, 63 S.Ct. 877, 87 L.Ed. 1324.