REA *v.* UNITED STATES.

No. 30.   Argued November 10, 1955.—Decided January 16, 1956.

*Joseph A. Sommer* argued the cause for petitioner. With him on the brief was *Thomas F. McKenna.*

*Beatrice Rosenberg* argued the cause for the United States.   With her on the brief were *Solicitor General Sobeloff, Assistant Attorney General Olney* and *Marvin E. Frankel.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioner was indicted for the unlawful acquisition of marihuana in violation of 26 U. S. C. § 2593 (a).   The indictment, found in September 1953, was based on evidence obtained by a search warrant issued by a United States Commissioner, as authorized by Rule 41 (a) of the Rules of Criminal Procedure, in August 1953.   Petitioner moved under Rule 41 (e) to suppress the evidence on the ground that the search warrant was improperly issued under Rule 41 (c) in that it was insufficient on its face,

no probable cause existed, and the affidavit was based on unsworn statements.* The District Court granted the motion to suppress and, on the Government's later motion, dismissed the indictment. No motion for return of the evidence was made. The evidence seized was indeed contraband. Since the crime charged was a violation of a provision of the Internal Revenue Code, 28 U. S. C. § 2463 was applicable. That section provides against the return of the property in the following words:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." And see 26 U. S. C. § 2598.

After the District Court suppressed the evidence, a federal narcotics agent swore to a complaint before a New Mexico judge and caused a warrant for petitioner's arrest to issue. Petitioner has now been charged with being in possession of marihuana in violation of New Mexico law and awaits trial in the state court. The case against petitioner in the state court will be made by testimony of the federal agent based on the illegal search and on the evidence seized under the illegal federal warrant.

---

*Rule 41 (c) provides in relevant part as follows:
"A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The warrant shall be directed to a civil officer of the United States authorized to enforce or assist in enforcing any law thereof or to a person so authorized by the President of the United States. It shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof."

That at least is the basis of the motion in the District Court to enjoin the federal narcotics agent from testifying in the state case with respect to the narcotics obtained in the illegal search and, if the evidence seized is out of the custody of the United States, to direct the agent to reacquire the evidence and destroy it or transfer it to other agents. The District Court denied the motion and the Court of Appeals affirmed. 218 F. 2d 237. The case is here on a petition for certiorari which we granted because of the importance in federal law enforcement of the question presented. 348 U. S. 958.

The briefs and oral argument have been largely devoted to constitutional questions. It is said, for example, that while the Fourth Amendment, as judicially construed, would bar the use of this evidence in a federal prosecution (*Weeks* v. *United States,* 232 U. S. 383), our decision in *Wolf* v. *Colorado,* 338 U. S. 25, would permit New Mexico to use the evidence in its prosecution of petitioner. Moreover, it is said that to suppress the use of the evidence in the state criminal proceedings would run counter to our decision in *Stefanelli* v. *Minard,* 342 U. S. 117.

We put all the constitutional questions to one side. We have here no problem concerning the interplay of the Fourth and the Fourteenth Amendments nor the use which New Mexico might make of the evidence. The District Court is not asked to enjoin state officials nor in any way to interfere with state agencies in enforcement of state law. Cf. *Boske* v. *Comingore,* 177 U. S. 459. The only relief asked is against a federal agent, who obtained the property as a result of the abuse of process issued by a United States Commissioner. The property seized is contraband which Congress has made "subject only to the orders and decrees of the courts of the United States having jurisdiction thereof," as provided in 28 U. S. C. § 2463, already quoted. In this posture we have then a

case that raises not a constitutional question but one concerning our supervisory powers over federal law enforcement agencies. Cf. *McNabb* v. *United States,* 318 U. S. 332.

A federal agent has violated the federal Rules governing searches and seizures—Rules prescribed by this Court and made effective after submission to the Congress. See 327 U. S. 821 *et seq.* The power of the federal courts extends to policing those requirements and making certain that they are observed. As stated in *Wise* v. *Henkel,* 220 U. S. 556, 558, which involved an order directing the district attorney to return certain books and papers unlawfully seized:

> ". . . it was within the power of the court to take jurisdiction of the subject of the return and pass upon it as the result of its inherent authority to consider and decide questions arising before it concerning an alleged unreasonable exertion of authority in connection with the execution of the process of the court."

No injunction is sought against a state official. The only remedy asked is against a federal agent who, we are told, plans to use his illegal search and seizure as the basis of testimony in the state court. To enjoin the federal agent from testifying is merely to enforce the federal Rules against those owing obedience to them.

The command of the federal Rules is in no way affected by anything that happens in a state court. They are designed as standards for federal agents. The fact that their violation may be condoned by state practice has no relevancy to our problem. Federal courts sit to enforce federal law; and federal law extends to the process issuing from those courts. The obligation of the federal agent is to obey the Rules. They are drawn for innocent and guilty alike. They prescribe standards for law enforce-

ment. They are designed to protect the privacy of the citizen, unless the strict standards set for searches and seizures are satisfied. That policy is defeated if the federal agent can flout them and use the fruits of his unlawful act either in federal or state proceedings.

*Reversed.*

MR. JUSTICE HARLAN, whom MR. JUSTICE REED, MR. JUSTICE BURTON, and MR. JUSTICE MINTON join, dissenting.

Without discussion of the competing state and federal interests involved, the Court holds that a federal law enforcement officer should be enjoined from turning over to state authorities for use in a state prosecution evidence which he has obtained in contravention of the Fourth Amendment, and from giving testimony concerning the evidence in the state proceedings. This holding so far departs from the concepts which have hitherto been considered to govern state and federal relationships in this area that I am constrained to dissent.

1. The holding that an injunction should issue against making available to New Mexico the evidence and testimony in question is rested on this Court's "supervisory powers over federal law enforcement agencies." So far as I know, this is the first time it has been suggested that the federal courts share with the executive branch of the Government responsibility for supervising law enforcement activities as such. *McNabb* v. *United States,* 318 U. S. 332, cited by the Court, stands for no such proposition. Indeed, in excluding the *McNabb* evidence in a federal trial, the Court was careful to say: ". . . we confine ourselves to our limited function as the court of ultimate review of the standards formulated and applied by federal courts in the trial of criminal cases. We are not concerned with law enforcement practices except in so far as courts themselves become instruments of law

enforcement." 318 U. S., at 347. I do not think that this case can be brought within *McNabb* simply because the enjoined evidence was seized under an invalid court process. Would the Court's decision have been different had there been no search warrant at all? Moreover, the Court has heretofore refused to extend the *McNabb* rule to state criminal trials. *Stein* v. *New York,* 346 U. S. 156, 186–188; *Gallegos* v. *Nebraska,* 342 U. S. 55, 63–64.

2. Nor can this decision be supported under any general equity power. For although the federal courts undeniably have the power to issue an injunction in this case, they also have the discretion to withhold equitable relief when, on the balance, the power should not be exercised. On that basis, I think the decision cannot be reconciled with the rationale of *Stefanelli* v. *Minard,* 342 U. S. 117. There, in a case brought under the Civil Rights Act, R. S. § 1979, now 42 U. S. C. § 1983, claiming violation of petitioner's rights under the Fourteenth Amendment, the Court refused to enjoin the use of state-seized evidence in a state prosecution, saying that "the federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure." *Id.,* at 120. That holding was based on the "special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." The same consideration is applicable here. The Court distinguishes *Stefanelli* because we are "not asked to enjoin state officials nor in any way to interfere with state agencies in enforcement of state law." But this seems to me illusory, for, as the Court recognizes, the State's case against petitioner appears to depend wholly on the evidence in question; the injunction will operate quite as effectively, albeit indirectly, to stultify the state prosecution as if it had been issued directly against New Mexico or its officials. New Mexico's prosecution is at least as

far advanced as was the state prosecution in *Stefanelli*. If New Mexico should now seek to subpoena the federal agent, would the Court permit him to honor the State's process? And if not, how could that properly be said not to impinge directly upon the New Mexico prosecution? Today's decision represents a reversal of the sound policy followed in *Stefanelli;* I can find no justification for it. It was not an abuse of discretion to withhold the relief here.

3. It is said that the federal policies against unlawful searches and seizures will be flouted if a federal agent can "use the fruits of his unlawful act either in federal or state proceedings." But this Court has already held that although the substance of the Fourth Amendment is "implicit in 'the concept of ordered liberty' " and hence enforceable against the States through the Fourteenth Amendment, evidence unlawfully seized by a State can nevertheless be used in state prosecutions. *Wolf* v. *Colorado*, 338 U. S. 25. That being so, I am unable to understand how an exercise of federal equity power designed to deny the State the use of this evidence can be squared with the policies underlying *Wolf*. The fact that the injunction operates only against evidence still in possession of the federal authorities and against testimony by a federal officer is for me not a sufficient answer, since the only difference I can see between the *Wolf* decision and *Weeks* v. *United States*, 232 U. S. 383, excluding in federal criminal trials evidence obtained in contravention of the Fourth Amendment, is the difference between state and federal courts; in each case, the substance of the constitutional command is the same, but the nature of enforcement varies with the forum. So that, had the petitioner here been convicted in the state courts by use of this evidence, I take it that *Wolf* means we would not have interfered, at least absent any showing of a more aggravated search and seizure than this record discloses. To say that

federal interference is nevertheless justified at this point in the proceedings whenever the State has not yet obtained the evidence seems to me to make the matter simply a race between a state prosecution and a federal injunction proceeding. I do not believe that a rule dependent on the fortuitous circumstance of winning that race is a sound one in this important field of federal-state relations. If, on the other hand, the Court is now saying that it is the difference between the Fourth Amendment and the Fourteenth which requires this result—a conclusion disclaimed by the majority—then I would still regard the injunction as improvidently issued, since New Mexico should be given the first opportunity to suppress the evidence, with this Court sitting in review if the State improperly refuses to do so. Cf. *Douglas* v. *Jeannette*, 319 U. S. 157.

In accommodating state and federal interests in criminal law enforcement, this Court has hitherto taken the view that the States should be left free to follow or not the federal exclusionary rule set forth in *Weeks* v. *United States, supra.* The present decision seems to me to be a step in the opposite and wrong direction. I think the judgment below should be affirmed.