John DOYLE, Appellant,

v.

Charles V. WEBB, Jr., Prosecutor of Essex County, Joseph B. Sugrue, Eugene Burle and Michael Keegan.

No. 11953.

United States Court of Appeals Third Circuit.

Argued Oct. 16, 1956.

Decided Oct. 19, 1956.

Joseph F. Walsh, Newark, N. J. (Bracken & Walsh, Newark, N. J., on the brief), for appellant.

C. William Caruso, Newark, N. J., for appellee Webb.

Vincent J. Casale, Newark, N. J. (Vincent P. Torppey, Newark, N. J., on the brief), for appellees Joseph B. Sugrue, Eugene Burle and Michael Keegan.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court for the District of New Jersey dismissing the plaintiff's complaint. The complaint sought to restrain certain officers of the State of New Jersey from using, in a prosecution of the plaintiff in a state court, certain evidence which they had seized in the course of a forcible search of the plaintiff's residence made without a search warrant. The complaint was rightly dismissed upon the authority of Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, and Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138. Rea v. United States, 1956, 350 U.S. 214, 76 S.Ct. 292, upon which the plaintiff relies, is not applicable since it related only to evidence obtained by a federal officer. The Supreme Court in that case said, 350 U.S. at pages 216–217, 76 S.Ct. at page 294, "The District Court is not asked to enjoin state officials nor in any way to interfere with state agencies in enforcement of state law. * * * The only relief asked is against a federal agent, who obtained the property as a result of the abuse of process issued by a United States Commissioner. * * * In this posture we have then a case that raises not a constitutional question but one concerning our supervisory powers over federal law enforcement agencies."

The judgment of the district court will be affirmed.