**Jimmie LUCAS**

v.

**Mike MAYO, Wayne Broughton and Phil Young.**

**Civ. A. No. 63–C–60.**

United States District Court
S. D. Texas,
Corpus Christi Division.
Oct. 16, 1963.

Pedigo & Kelso and Jack K. Pedigo, Corpus Christi, Tex., for petitioner-plaintiff, Jimmie Lucas.

John H. Flinn, Sinton, Tex., for all defendants.

Woodrow Seals, U. S. Atty., Wm. B. Butler, Asst. U. S. Atty., Houston, Tex., for defendant Malcolm M. Mayo.

GARZA, District Judge.

This is a case in which Jimmie Lucas, as Plaintiff and Petitioner, seeks an injunction against a federal narcotics agent and two city policemen enjoining them from testifying in a case pending against him in the State District Court of San Patricio County, Texas. The State District Attorney of San Patricio County, in the name of all the defendants, and the United States Attorney, in behalf of Malcolm M. Mayo, Federal Narcotics Agent, filed motions to dismiss, stating, generally, that the Plaintiff Lucas had not shown that he was entitled to relief, and that this Court was without jurisdiction.

The Court, on September 9, 1963, heard arguments on the motions to dismiss, and overruled the motions and ordered a hearing on September 18, 1963.

At the hearing, by evidence from the witness stand given by Malcolm M. Mayo, the federal narcotics agent, and by stipulation of the parties, the following facts were adduced:

Previous to January 4, 1963, an undercover federal narcotics agent made a buy of marihuana from one Rainey who is a 3-time loser on narcotics charges and is presently incarcerated. He attempted to make another buy from him and was informed by Rainey that he did not have any supply, but that he had a supplier at Taft, Texas, where he thought he could get some marihuana for the agent.

The undercover agent contacted Officer Mayo who followed the undercover agent and Rainey in his car to Taft, Texas.

Mayo testified that Rainey got out of the undercover agent's car, went into a community recreation hall in Taft, Texas; that Rainey and Lucas were seen coming out together; that Lucas left the recreation hall and came back to it sometime later and went inside; that Rainey then came back to the undercover agent's car and on his return had some marihuana with him. Nothing was seen being passed from Lucas to Rainey. Lucas was not arrested at the time.

The narcotics agents kept working on several cases that they were making, and on February 15th, Federal Officer Mayo, accompanied by two city policemen from Corpus Christi, Wayne Broughton and Phil Young, the other defendants in this case, went to Taft, Texas, to a tourist court owned by Lucas, went to his quarters, and arrested him. They had not obtained any warrant of arrest or search warrant.

Officer Mayo testified that the day before he had been in company with the County Judge of San Patricio County, who had offered to go with them when Lucas was arrested, but that on the day of the arrest the County Judge was not available.

It was stipulated that Officer Mayo had contacted United States Commissioner Martin whose office is in Corpus Christi, Texas, and had told him that he might want to get a warrant of arrest and a search warrant against Lucas.

It was further stipulated that United States Commissioner Martin was available to have issued such before the arrest of Lucas.

It was also stipulated that a justice of the peace in the town of Taft, Texas, was present in Taft and available at all times to have issued both a warrant of arrest and a search warrant.

When Officer Mayo and the two city policemen from Corpus Christi (who were outside of the limits of the City of Corpus Christi and outside of Nueces County in which Corpus Christi is situated) came into the room of Lucas where he was sleeping, they claim that he made a motion toward a nightstand on which he had a pistol. They proceeded to subdue him and handcuff him to the bedstead. They searched the room, then obtained the keys to his car, and Officer Mayo and one of the city policemen proceeded to go to the car to search it. Officer Mayo opened the trunk while the other officer was searching the front end of the car, and claims that he found a package containing marihuana in the trunk, together with another weapon.

The case against Lucas was turned over by Narcotics Agent Mayo to the State authorities for prosecution, and Lucas was indicted, not only for the buy allegedly made from him on January 4th through Rainey, but also for the marihuana found in his car. He was to be tried on September 23rd on the State indictment involving these occurrences.

Lucas asks the Court to enjoin Officers Mayo, Broughton and Young from testifying and offering any evidence, verbal, documentary and material whatsoever, in the State court proceedings against him on the grounds that his arrest was an illegal arrest without probable cause and that any evidence obtained as a result of said illegal arrest should not be used against him; that his arrest and the search of his premises without a warrant of arrest and any search warrant were violations of Rules 4 and 41 of the Federal Rules of Criminal Procedure, the Fourth Amendment of the United States Constitution, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

It was conceded by all counsel that the Code of Criminal Procedure of the State of Texas does not provide for the filing of motions to suppress evidence before trial.

Officer Mayo testified that when he went to arrest Lucas, he was arresting him for the buy made by Rainey from him on January 4th.

■ From the facts that are before the Court, I find that the arrest of Lucas was a legal arrest based on probable cause.

■ I also find that the search of his automobile, after the Defendant was in custody and under arrest and the officers in possession of the car keys and the car under surveillance, was a search not incident to the arrest of Lucas, and even if incident to his arrest, an unreasonable and unlawful search that should not have been made without a search warrant. Rent v. U. S., CCA 5, 1954, 209 F.2d 893; Allen James Staples and Frank Joel McNamara v. U. S. A., CCA 5, 302 F.2d 817.

■ As against Broughton and Young, the state policemen, this Court is without power to enjoin them, and as to their testimony the Petitioner Lucas must await action by the State court. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390.

■ As to Federal Officer Mayo, this Court has supervisory powers over him, and an injunction against him can lie. Rea v. U. S., 350 U.S. 214, at pp. 216 and 217, 76 S.Ct. 292, at pp. 293, 294, 100 L.Ed. 233, approved in Cleary v. Bolger, supra.

It is, therefore, ordered, adjudged and decreed that Federal Officer Malcolm M. Mayo be, and he is hereby enjoined from in any way testifying in any court about the marihuana that he found in the car belonging to Jimmie Lucas, the Petitioner-Plaintiff herein, on February 15, 1963.

■ All other relief sought by Jimmie Lucas, Petitioner-Plaintiff, is denied.

The costs in this cause are assessed against the Petitioner-Plaintiff, Jimmie Lucas, for which let execution issue. Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968.

Since this Court has been informed that all the pertinent facts in this matter were before it at the conclusion of the hearing held on September 18, 1963, the injunction hereby issued against Officer Mayo is made permanent; and this Memorandum Opinion and Order shall constitute the Findings of Fact and Concusions of Law of this Court, as well as the Final Decree therein.

Since the injunction herein issued was issued from the bench to Officer Mayo, no certified copy of the same need be issued to him.

This memorandum opinion and final order of injunction became effective on 18 September 1963 at the conclusion of the hearing thereon at 5:35 p. m. of said day, and is being signed for entry on this 16th day of October, 1963.

Clerk will make available copies of the Memorandum Opinion and Order to all counsel.