**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ruben NAVARRO, Defendant-Appellant.**

**No. 30823.**

United States Court of Appeals,
Fifth Circuit.

April 21, 1971.

Rehearing Denied June 1, 1971.

C. David Evans, Louis E. Marshall, R. Norvell Graham, Jr., Evans, Marshall & Ribak, San Antonio, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex.

Before SKELTON*, Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Ruben Navarro appeals from the order of the district court entered pursuant to the mandate of this court contained in United States v. Navarro, 429 F.2d 928 (5th Cir. 1970). Since we find that the trial judge's order clearly complies with our previous mandate, we affirm.

With this appeal, Navarro comes for a third time before a panel of this court seeking relief in some aspect of the same case. The Circuit's first ruling, Navarro v. United States, 400 F.2d 315 (5th Cir. 1968), invalidated Navarro's federal narcotics conviction because the search wherein the heroin was obtained was defective—not for any constitutional deficit but for failure to comply with the requirement of Fed.R.Crim. P. 41(a) that a search warrant be issued by a court of record. Following this reversal, the United States Attorney referred the case, which had been initially investigated as a joint federal-state effort, to Texas authorities. The state officials indicted Navarro for violation of Texas narcotics laws.

The state charges arose from precisely the same circumstances which formed the basis of the overturned federal conviction. Realizing this, Navarro brought an action in federal district court to enjoin the use in the Texas proceeding of evidence obtained in violation of federal procedural rules. The district court refused to grant an injunction either to prevent federal officers from testifying in the pending State criminal action or to prevent the federal officers from turning the seized heroin over to state officials. Navarro brought a second appeal to this court. United States v. Navarro, 429 F.2d 928 (5th Cir. 1970). Judge Gewin, writing for the panel, affirmed the district judge's refusal to require the federal officers to retain the heroin in their custody, but reversed the trial court on the issue of the testimony of the federal officials. We required that the federal officials should be "enjoined from testifying * * * concerning the narcotics which were not seized in accordance with federal law."

On remand the trial judge issued an order, the pertinent parts of which provide as follows:

(1) No federal official may testify in State Court concerning the fruits of the search which the Court of Appeals has held violated the rules which guide and direct federal officers.

(2) While Marion Hambrick, a federal agent who participated in the search with the state officers, may not testify concerning the facts and circumstances occurring at the time of the search, he may identify the contraband, testify who gave it to him, and state that he sent it by registered mail to the United States Chemist, Dallas, Texas, who in turn may testify with respect to chain of custody.

(3) In view of the fact that Ed Mazurik, currently an agent for the Federal Bureau of Narcotics and Dangerous Drugs, was not a federal officer at the time the Navarro search was conducted, he is not subject to the Court of Appeals' injunction.

(4) The contraband heroin seized in this cause may be turned over to state authorities for use in Navarro's state trial.

(5) The state officers who participated in the search may testify about the fruits thereof.

Navarro contends that this order does not correctly implement this Circuit's mandate in the 1970 *Navarro* decision and he asks that all federal testimony be enjoined—that no federal official, offi-

---

* Honorable Byron G. Skelton, Judge, U. S. Court of Claims, Washington, D. C., sitting by designation.

cer or agent be allowed to testify as to any aspect of the seizure, custody, nature, content, or delivery of the heroin.

Reduced to fundamentals, the present appeal requests that we interpret our 1970 mandate to determine (i) whether Ed Mazurik, who was a state detective at the time of the search, should be prevented from testifying because he has now become a federal officer; (ii) whether Marion Hambrick, a federal agent, can testify to establish the chain of custody by describing certain ministerial acts of receiving and transmitting the heroin to a United States chemist; and, (iii) whether the federal chemist may also testify with respect to the chain of custody and the nature of the drug. We determine that each of these individuals may so testify, and that the trial judge properly construed this court's mandate.

In reviewing the 1970 *Navarro* decision to ascertain if there has been proper implementation, it should be noted that the panel's decision was based largely on Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956), wherein the Court, basing its decision solely on its supervisory powers over federal law enforcement agencies, held that the district court erred in failing to grant an injunction, which sought to prevent federal officers from turning over to state authorities for use in a state prosecution evidence which had been obtained in contravention of the federal rules and from giving testimony concerning such evidence in the state proceedings. While the panel concluded that *Rea* had been restricted by Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620 (1961), to those situations in which an indictment had been instituted in federal court and a suppression order had been issued by a federal court, it was felt that the instant case fell squarely within that restriction. Moreover, the panel determined that Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081 (1961), while admittedly undermining *Rea*, had undermined it only in those situations where an unconstitu-

tional search was involved. For these reasons, the panel determined that "the district court erred in failing to enjoin the federal officials from testifying in state court concerning the fruits of their search which was not conducted in accordance with rules which guide and direct federal officials."

There is nothing in this opinion, however, which can be read so as to prevent the state, which is not bound by the federal procedural rules (unless the federal rules are embodiments of certain constitutional imperatives), from making out a case without the use of the testimony of federal officials who engaged in and therefore knew the facts and circumstances surrounding the rule-deficient search. Clearly, state officers may not be enjoined from testifying in state criminal proceedings concerning the fruits of their searches simply because their procedures do not meet the commands of the federal rules. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963). Thus, Ed Mazurik, who was a state agent at the time of the joint federal and state search of Navarro's apartment, can testify in the state proceedings as to facts and circumstances occurring at and the fruits obtained from the search, even if the search did not comport with the federal rules. The people of the State of Texas cannot be deprived of his otherwise valid testimony by the polemic that he now wears a federal badge. Such a suppression of truth would have no deterrent effect on future conduct of state or federal officers and it cannot be justified as incident to any supervisory power of this court.

It is to be observed that the rule that evidence obtained in violation of the Fourth Amendment should be suppressed—that such suppression is the only efficient way to deal with future improper police conduct—is the same reason that federal courts have extended their supervisory power over federal officials to suppress otherwise cogent and admissible evidence. In the case at bar, there simply is no basis on which to in-

voke this rationale to prevent the development of truthful facts which had an origin outside of the search which was a technical violation of the federal rules.

Our prior mandate does not undertake to preclude the state from using every federal official, as Navarro contends. The mandated prohibition does not extend to those federal officials who are not testifying about the facts, circumstances and fruits of their search. Thus, a United States chemist, who had no physical part in the search, would not be precluded from testifying as to the chain of custody or any other acts performed by him as a chemist. Suppression of his testimony could in no way be a deterrent to the original illegal gathering of evidence. Similarly, the district court committed no error in permitting federal agent Marion Hambrick, who was present at the time of the search, to testify as to certain ministerial acts of transmitting the heroin to the chemist while prohibiting him from testifying concerning the search. Whether he had obtained the heroin from state or federal officials or whether it had been obtained as a result of a constitutional or unconstitutional search should not bar his testimony as to the separate acts of identification and transmittal.

Navarro here expresses uneasiness because his constitutional right to cross-examine Hambrick was limited on account of the overall limits on all testimony by federal agents as to their actions in participating in the search. It was Navarro who sought to enjoin federal officials from testifying concerning the search. He instigated the action which brought the mandate from this court which prohibited such testimony. The district judge explicitly and properly performed the directions of the previous panel. While that judge was not then free to deviate from our directions, we now amend the previous mandate so the district judge may liberalize his previous order. Since Navarro apparently now desires to have the federal officials testify as to the search and feels that his right to cross-examination has been

impinged, we make it expressly clear that he may waive the benefits of the limiting order by opening the issue of federal officials actions incident to the search either on direct or cross-examination, subject of course to the rulings of the state court on the admissibility of evidence and conduct of its trial.

Having found that the district judge's order properly complied with the mandate, it is unnecessary to discuss the viability of the doubts voiced by Mr. Justice Harlan in Cleary v. Bolger, 371 U.S. 392, 398–399, 83 S.Ct. 385, 389, 9 L.Ed.2d 390 (1963), concerning the construction of *Rea, supra,* and how those doubts may have been affected by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in a case in which applicant for injunctive relief against a pending state prosecution fails to demonstrate extraordinary or unusual circumstances showing irreparable injury or bad faith or harassment.

Our examination of the trial judge's order in light of the record and previous Circuit decisions in this case leads us to find that our previous mandate has been properly complied with. We would modify the previous mandate only to the extent we have previously indicated.

Affirmed and remanded.