**UNITED STATES of America, Plaintiff,**

v.

**Hubert M. PECHAC, Defendant.**
**No. CR 71–470 PHX—Cam.**

United States District Court,
D. Arizona,
Jan. 10, 1972.

Joseph B. Swan, Jr., Asst. Federal Public Defender, Phoenix, Ariz., for defendant.

F. Michael Carroll, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

## OPINION and ORDER

MUECKE, District Judge.

Defendant was indicted under Title 26, Section 5861(d), for unlawful posses-sion of firearms, to wit: one bazooka and one shotgun pistol, which had not been registered to him in the National Firearms Registration and Transfer Record.

Defendant moved to suppress real evidence pursuant to Rule 41 of the Federal Rules of Criminal Procedure. The matter was argued and oral testimony received.

From the evidence, the following findings of fact are made:

Sometime in the early evening of January 22, 1971, Special Investigator William Kavanaugh of the Alcohol, Tobacco and Firearms Division of the United States Treasury, joined officers of the City of Phoenix Police Department in a search of the defendant's residence pursuant to a search warrant. The local law enforcement officers had obtained the search warrant from local justice of the peace. The defendant does not challenge the validity of the search warrant under Arizona state law.

During the search of the defendant's home, several firearms were found and Federal Investigator Kavanaugh, with the assistance of local officers, checked the weapons with registration papers produced by the defendant, and determined that the defendant did not have papers for the bazooka and shotgun pistol. While the search was in progress, and before questioning him about the unregistered weapons, Investigator Kavanaugh properly advised the defendant of his constitutional rights. Thereafter, Investigator Kavanaugh, who was the only federal officer participating in the search, took custody of the weapons after listing them upon the local authorities' inventory of seized property.

This Court holds that the seizure of the firearms here sought to be suppressed by defendant by the federal officer was improper in that the search warrant upon which the officer relied did not conform to federal standards as required by Rule 41(a) of the Federal Rules of Criminal Procedure. Navarro

v. United States, 5 Cir., 400 F.2d 315 (1968).

■ The record clearly indicates that Investigator Kavanaugh actively participated in the search and was not a mere observer. Thus, the joint search by local and federal authorities was a "federal search" as defined in Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L. Ed. 1819 (1949). "[W]hen state law enforcement officers do cooperate [with federal officers] for the benefit of the federal sovereign, all parties must adhere to the federal standards." Navarro v. United States, *supra*, 400 F.2d at 319.

■ The applicable federal standards governing search and seizure are contained in Rule 41 of the Federal Rules of Criminal Procedure, particularly section (a) which reads:

> "*Authority to Issue Warrant.* A search warrant authorized by this rule may be issued by a judge of the United States or of a state, commonwealth or territorial *court of record* or by a United States commissioner within the district wherein the property sought is located." (Emphasis supplied.)

There is no dispute that under Arizona law, Arizona Constitution, Article 6, Section 10, A.R.S., justices of the peace are not courts of record, and the search warrant, therefore, was not issued in accordance with federal law.

■ When obtaining evidence for federal prosecution, a federal officer is obligated to obey the Federal Rules of Criminal Procedure. Rea v. United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1956). Those Rules were prescribed by the Supreme Court of the United States, submitted to and made effective by Congress, and were "designed as standards for federal agents." Rea v. United States, *supra*, 350 U.S. at 217, 76 S.Ct. at 294. In seizing the evidence which has been suppressed here, the federal officer violated the standards set forth in Rule 41(a) in that the court which issued the search warrant was not a court of record.

The issue before the Court is not constitutional in scope as urged by the defendant; rather it is a procedural question that involves the supervisory powers of a federal court over federal law enforcement authorities. Federal courts enforce federal laws which include the Federal Rules of Criminal Procedure and these Rules are part of the federal law which federal officers must follow. In applying those Rules to this case, this Court is merely supervising the federal law enforcement authorities in the performance of their duties to make certain they conform strictly to standards dictated by the Supreme Court in Rea v. United States, *supra*.

Here a federal investigator seized evidence under the authority of a search warrant not issued by a court of record as required by Rule 41(a); therefore, this unlawfully obtained evidence cannot be introduced in a federal criminal prosecution as is sought to be done in this case. To allow such illegally seized evidence to be admitted would permit federal officers to flout the standards prescribed by the Supreme Court.

> "Federal courts sit to enforce federal law; and federal law extends to the process issuing from those courts. The obligation of the federal agent is to obey the Rules. They are drawn for innocent and guilty alike. They prescribe standards for law enforcement. They are designed to protect the privacy of the citizen, unless the strict standards set for searches and seizures are satisfied. That policy is defeated if the federal agent can flout them and use the fruits of his unlawful act either in federal or state proceedings." Rea v. United States, 350 U.S. at 217, 218, 76 S.Ct. at 294.

In its response, the Government argues that if the Navarro v. United States, *supra*, decision is carried to its logical conclusion, the fruits of any state search initiated under a warrant issued

by a court which is not a court of record, even though federal officers do not participate in such a search, would not be admissible in a federal court criminal proceeding. This view was discussed in United States v. Coronna, 5 Cir., 420 F.2d 1091 (1970) by the same court that decided Navarro v. United States, *supra*, and was rejected by that court. However, we need not reach that question since that factual situation is not present here.

The defendant's motion to suppress is granted, and it is so ordered.