**Kevin Michael KEBLAITIS and Victor Joseph Rocco et al., Plaintiffs,**

v.

**SEVERAL UNKNOWN AGENTS IN CRIMINAL INVESTIGATION DIVISION (CID—CHERRY POINT, NORTH CAROLINA) et al., Defendants.**

**No. 995 Civil.**

United States District Court,
E. D. North Carolina,
New Bern Division.

March 25, 1974.

Charles K. McCotter, Jr., New Bern, N. C., for plaintiffs.

James H. Carson, Jr., Atty. Gen. of N. C., by Sidney S. Eagles, Jr., Asst. Atty. Gen., Raleigh, N. C., for defendants.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This is an action for declaratory judgment, injunctive relief, and suppression of illegally obtained evidence. Plaintiffs in this case seek a hearing and a finding by this Court that they are entitled to declaratory relief under Rule 57 of the Federal Rules of Civil Procedure and under Title 28 U.S.C. Section 2201. Plaintiffs also ask for both preliminary and injunctive relief under Title 28 U.S.C. Section 2283. Finally, plaintiffs ask this Court to suppress illegally obtained evidence pursuant to authority granted by Rule 41 of the Federal Rules of Crim.Procedure, 18 U.S.C. Sec. 3105, and 18 U.S.C. Sec. 3106.

On the afternoon of July 23, 1973 Carteret County Deputy Sheriffs and agents of the Criminal Investigation Division and the Naval Intelligence Service arrived at the home of Thomas Trazalaski to conduct a search. All of the officers searched Trazalaski's house under the supervision of L. C. Swain, a deputy sheriff of Carteret County. All of the plaintiffs in this action were searched by these federal and state agents.

Plaintiffs allege that these searches were unconstitutional because they were made without probable cause and without consent, because they were made by federal officers in violation of federal rules and standards, because the issuing official of the search warrant was not a proper official under Rule 41(a) of the Federal Rules of Criminal Procedure, and because none of the plaintiffs were described in the search warrant. Plaintiffs contend that they will suffer immediate and irreparable harm from the stigma of a trial in state court on evidence seized in violation of the Federal Rules of Criminal Procedure. Plaintiffs label the searches "federal searches" because federal officers were involved. They ask this Court to declare the searches unconstitutional, to suppress the evidence in the state prosecution, and to enjoin the state prosecution as such action is necessary to protect this Court's federal jurisdiction. Plaintiffs have filed with this Court a motion for a three-judge court and a motion for a temporary restraining order.

Both plaintiffs and defendants agree that the search warrant in this case, however illegal it might have been, was a state search warrant and was not issued by federal authorities. Both also agree that federal officers were designated areas to search by Deputy Sheriff L. C. Swain of Carteret County. The defendants say that personnel of the Marine Criminal Investigation Division and the Naval Intelligence Service were invited to accompany the Carteret County Deputy Sheriff as a courtesy because it was anticipated that members of the Marine Corps would be on the Trazalaski premises. There are no federal charges pending against the plaintiffs. Criminal proceedings are pending in the state courts arising out of evidence seized pursuant to this search warrant.

Plaintiffs seek a declaratory judgment by this Court adopting their contention that this case was improperly brought in state court. Among the cases which plaintiffs have cited concerning the jurisdictional basis of this action are the following: Wilson v Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620 (1960); Cleary v Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1962); Rea v United States, 350 U.S. 214, 76 S.Ct. 292, 100 L.Ed. 233 (1955); United States v Pechac, 54 F.R.D. 187 (W.D. Pa.1972). As pointed out by the defendants' memorandum of law, these cases actually are not in plaintiffs' favor.

In Wilson v Schnettler, *supra*, the plaintiff was prosecuted for possession of narcotics which were found as a result of a search by federal agents. After the commencement of the state court proceedings, plaintiff asked the United States District Court for an injunction preventing federal agents from testifying at the state trial. The United States District Court dismissed the complaint

for failure to state a cause of action. Plaintiffs in the instant case seek an injunction prohibiting prosecution in the state courts. In this case federal agents are not testifying against plaintiffs. Moreover, the search in the instant case was instigated and primarily carried out under the supervision of state officers, not federal officers.

The Court in *Wilson, supra,* held that the state court had exclusive jurisdiction:

"That court, whose jurisdiction first attached, retains jurisdiction over this matter to the exclusion of all other courts—certainly to the exclusion of the Federal District Court—until its duty has been fully performed, Harkrader v. Wadley, 172 U.S. 148, 164, 19 S.Ct. 119 125, 43 L.Ed. 399, 404; Peck v. Jenness, 48 U.S. 612, 7 How. 612, 624, 625, 12 L.Ed. 841, 846, and it can determine this matter as well as, if not better than, the federal court. If, at the criminal trial, the Illinois court adheres to its interlocutory order on the suppression issue to petitioner's prejudice, he has an appeal to the Supreme Court of that State, and a right if need be to petition for 'review by this Court of any federal questions involved.' Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 882, 87 L.Ed. 1324, 1329. It is therefore clear that petitioner has a plain and adequate remedy at law in the criminal case pending against him in the Illinois court." 365 U.S. at 384–385, 81 S.Ct. at 635, 5 L.Ed.2d at 624.

In Rea v. United States, *supra,* the plaintiff got injunctive relief preventing a federal officer from testifying in state court. That case, however, is clearly distinguishable from the case at bar. In that case, the plaintiff asked for an injunction preventing a federal agent from testifying in state court regarding evidence obtained by that agent which had previously been held inadmissible in a federal trial. In *Rea,* the original criminal proceeding was in federal court, resulting from a federal search warrant carried out by federal officers. In the present case, the proceedings initiated in state court as a result of a state search warrant. Also, in *Rea* the Court noted that "[t]he District Court is not asked to enjoin state officials nor in any way to interfere with state agencies in enforcement of state law". Rea v United States, *supra,* 216, of 350 U.S., p. 294 of 76 S.Ct.

In Cleary v Bolger, *supra,* 397, of 371 U.S., 83 S.Ct. 388, the United States Supreme Court cautioned against injunctions prohibiting criminal prosecutions:

"Courts of equity traditionally have refused, except in rare instances, to enjoin criminal prosecutions. This principle 'is impressively reinforced when not merely the relations between coordinate courts but between coordinate political authorities are in issue.' Stefanelli v. Minard, 342 U.S. 117, 120, [72 S.Ct. 118, 96 L.Ed. 138,]. It has been manifested in numerous decisions of this Court involving a State's enforcement of its criminal law. E. g., Pugach v Dollinger, 365 U.S. 458, [81 S.Ct. 650, 5 L.Ed.2d 678]; Douglas v. City of Jeannette, 319 U.S. 157, [63 S.Ct. 877, 87 L.Ed. 1324]; Watson v Buck, 313 U.S. 387 [61 S.Ct. 962, 85 L.Ed. 1416].

■ Plaintiffs have not exhausted their remedies. Except where irreparable injury is threatened, the United States Supreme Court has strongly discouraged federal injunctions. See Stefanelli v Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138; Wolf v Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949). *Stefanelli,* as the instant case, involved the use of allegedly unconstitutional and illegal evidence in a state prosecution; and in that case, the Court held that a state court conviction would not deprive the plaintiffs of due process of law. *Stefanelli, supra,* 121–122, of 342 U.S., 72 S.Ct. 118.

■■ This Court is of the opinion that since plaintiffs have not shown ir-

reparable injury, having only shown that state convictions are possible, they are not entitled to the convening of a three judge court. In defending the state prosecution, the plaintiffs have an adequate legal remedy. Equity will not act to restrain a criminal prosecution where petitioner has an adequate remedy at law and has not suffered irreparable injury. cf Younger v Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971).

"The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, see Stefanelli v Minard, 342 U.S. 117, [72 S.Ct. 118, 96 L.Ed. 138] (1951), subject, of course, to review by certiorari or appeal in this Court or, in a proper case, on federal habeas corpus." Perez v Ledesma, 401 U.S. 82, 84–85, 91 S.Ct. 674, 676–677, 27 L.Ed.2d 701 (1971).

This Court distinguishes the instant case from Dombrowski v Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Nothing compared to the repeated bad faith prosecutions and acts of harassment which took place in Dombrowski has been shown to have taken place in this case.

Byars v United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927) is distinguished from the instant case. In Byars, a federal prosecution resulted from a joint state-federal search which violated federal law. In Byars, the United States Supreme Court reversed the federal conviction of petitioner of possessing counterfeit whiskey strip stamps. That reversal was based on the invalidity of the state search warrant. The instant case, however, does not involve a federal prosecution. To apply Byars to this fact situation would be an illogical extension of a holding which can only be interpreted by its own facts. Lustig v United States, 338 U.S. 74, 69

S.Ct. 1372, 93 L.Ed. 1819 (1949) which plaintiffs have also strongly relied on is clearly distinguishable on its facts from the present case. The Lustig case also involved federal prosecution in a federal court.

Plaintiffs ask this Court to find that the involvement of the federal officers in this search is enough to justify federal interference with the state prosecution on the theory that state officers failed to comply with the Federal Rules of Criminal Procedure and that the Federal Rules of Criminal Procedure are applicable to "federal searches". This Court, however, does not believe that this search should be characterized as a "federal search" (as that terminology is used by the plaintiffs). There are no facts indicating that federal agents were indispensable or even necessary. The Deputy Sheriff of Carteret County closely supervised the whole search. The federal officers made no seizures.

The plaintiffs should present their defenses and should make their arguments at the state trial itself. It would be disorderly for this Court to grant any of the remedies requested by plaintiffs. This Court does not have subject matter jurisdiction in this case.

Now therefore, in accordance with the foregoing, it is

Ordered, that plaintiffs' motions for a three judge court and for a temporary restraining order be, and the same are, hereby denied, and

Further ordered, that the defendants' motion for dismissal for lack of jurisdiction over the subject matter be, and the same is, hereby allowed, and

Further ordered, that this action be, and the same is, hereby dismissed, and

Further ordered, that the Clerk shall serve copies of this order upon counsel of record.

Let this order be entered forthwith.